# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 1, 2019

## EDDIE J. SMITH, JR. v. THERESA Y. PEOPLES

**Appeal from the Chancery Court for Montgomery County**
**No. MC-CH-CV-DI-16-383    Ted A. Crozier, Jr., Judge**

_____

### No. M2018-00910-COA-R3-CV

_____

In this matter, mother relocated with the parties' minor child from Tennessee to Florida. Father filed an "Amended Petition to Modify Parenting Plan and Objecting (sic) to Maternal Relocation and for Contempt." Father's motion for criminal contempt alleges that mother failed to adhere to the permanent parenting plan and blatantly violated Tenn. Code Ann. § 36-6-108(a) when she moved to Florida without the consent of father. On April 25, 2018, after a hearing on the petition, the trial court entered an order modifying the permanent parenting plan. However, there is nothing in the court's order resolving father's petition for contempt. Because there is not a final order resolving all of the claims and issues in the proceedings below, we lack subject matter jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right
### Appeal Dismissed; Case Remanded

CHARLES D. SUSANO, JR., J., D. MICHAEL SWINEY, C.J., AND ANDY D. BENNETT, J.

Eddie J. Smith, Jr., Clarksville, Tennessee, appellant, Pro Se.

Theresa Y. Peoples, Brandon, Florida, appellee, Pro Se.

# MEMORANDUM OPINION[1]

As we must in any appeal, we are initially required to consider whether we have subject matter jurisdiction. *See* Tenn. R. App. P. 13(b). An order that adjudicates fewer than all of the claims, rights, or liabilities of all the parties is not final. *See **In re Estate of Henderson***, 121 S.W.3d 643, 645 (Tenn. 2003). "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *Id.* (quoting ***State ex rel. McAllister v. Goode***, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a).

Because there is not a final judgment resolving all of the claims and issues in the proceedings below, this Court does not have subject matter jurisdiction to adjudicate this appeal. *See **Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Accordingly, this appeal is dismissed and remanded for further proceedings consistent with our opinion. Costs on appeal are taxed to appellee, Theresa Y. Peoples.

**PER CURIAM**

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.